IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **PATRICIA WHEATLEY and** § <br> **JACKSON PAVELKA,** § <br> **PLAINTIFFS** § <br> § <br> **V.** § <br> § <br> **SAFE HOME SECURITY** § <br> **f/k/a, a/k/a, and/or d/b/a** § <br> **ALLIANCE,** § <br> **DEFENDANTS** § | | Case No.: 3:20-cv-3205 _____ |

## PLAINTIFFS' ORIGINAL PETITION

To the Honorable Judge of Said Court:

Come now multiparty Plaintiffs, Patricia Wheatley and Jackson Pavelka, by and through their attorney or record, and files this their Original Petition, stating as follows:

### THE PARTIES

1.  Plaintiff Patricia Wheatley (Plaintiff Wheatley) is a citizen and resident of Texas, residing in Carthage, Panola County.

2.  Plaintiff Jackson Pavelka (Plaintiff Pavelka) is a citizen and resident of Texas, residing in Irving, Dallas County.

3.  Defendant Safe Home Security, f/k/a, a/k/a, and/or d/b/a Alliance, is a Connecticut corporation, organized under the laws of Connecticut and headquartered in Middleton, Connecticut. It committed a statutory violation (tort) that constitutes a private cause of action under Texas law by calling Plaintiff Pavelka in violation of the federal Telephone Communication Protection Act (TCPA), but it does not maintain an agent for service of process within Texas.

Defendant can therefore be served by substituted service on the Texas Secretary of State pursuant to TPRC §17.044. Its agent for service of process is:

> Incorp Service, Inc.
> 6 Landmark Square, 4th Floor
> Stanford, CT 06901

## JURISDICTION AND VENUE

4. The US Supreme Court has made clear that as a general rule, state and federal courts have concurrent jurisdiction over civil federal statutory violations. See *Tafflin v. Levitt*, 493 U. S. 455, 458–459 (1990) (In cases "arising under" federal law, we note, there is a "deeply rooted presumption in favor of concurrent state court jurisdiction," rebuttable if "Congress affirmatively ousts the state courts of jurisdiction over a particular federal claim."). This generally means that a state court has jurisdiction of private right causes of action based on a federal-law unless the federal statute forbids it (bankruptcy, admiralty, are the biggest exceptions). *See id.*

5. Additionally, within the Telephone Communications Protection Act, Congress expressly granted state courts jurisdiction pursuant to 47 U.S. Code § 227 (b)(3)

> (b) RESTRICTIONS ON USE OF AUTOMATED TELEPHONE EQUIPMENT
>
> > (3) PRIVATE RIGHT OF ACTION. A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State—
> >
> > > **(A)** an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
> > >
> > > **(B)** an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or ….

6. Given the general rule of concurrent jurisdiction and the rarity of an express grant of state jurisdiction within a federal statute, some federal courts held that the express grant of state jurisdiction in the TCPA actually deprived federal courts of jurisdiction, but

the Supreme Court has held that the TCPA does give both state and federal courts concurrent jurisdiction over TCPA cases. See *Mims v. Arrow Financial Services, LLC*, 565 US 368, 132 S. Ct. 740, 181 L. Ed. 2d 881 (2012).

7. Venue is proper in this court as Plaintiff Wheatley lives in Panola County but previously lived in Dallas County, and each phone call complained of was intentionally made to and directed to her phone either in Dallas County or in Panola County, making this the county where the incident, or the majority of incidents, that gave rise to the claim occurred. *See 28 U.S.C. §1391(b)(2).*

8. Venue is further proper in this court as Plaintiff Jackson lives in Dallas County, and each phone call complained of was intentionally made to and directed to his phone in Dallas County, making this the county where the incident, or the majority of incidents, that gave rise to the claim occurred. *See 28 U.S.C. §1391(b)(2).*

## THE FACTS

9. Defendant provides home security systems throughout the United States.

10. For marketing, Defendant employs a plan, pattern, and practice of activities that violate the federal Telephone Communications Practices Act (TCPA) and the regulations enacted pursuant to the TCPA. Specifically, Defendant uses one or more automatic telephone dialing systems (ATDS) and/or an artificial or prerecorded voice to deliver a message in telephone calls to consumers using automated telephone dialing systems, sends text messages to consumers cell phones without consent, and/or makes telephone calls to residential land lines and cellular phones that are on the federal do not call list.

11. Defendant is directly liable for its own conduct and/or vicariously for the conduct of its marketing division under federal vicarious liability standards used in TCPA matters.

12. Plaintiff Wheatley's telephone number is 972-8XX-X033.

    a. This is a cell phone and Plaintiff uses this number as her sole residential telephone and has placed the number on the national Do-Not-Call registry.

13. Defendant initiated and/or made telephone calls using an ATDS and/or an artificial or prerecorded voice to deliver a message to Plaintiff Wheatley's cell phone number 972-8XX-X033 at the dates and times listed on Exhibit A, attached.

14. Plaintiff Pavelka's telephone numbers are 817-8XX-X635 and 314-3XX-X822.

    a. These are cell phones and Plaintiff Pavelka uses the numbers as his residential telephones and has placed the numbers on the national Do-Not-Call registry.

15. Defendant initiated and/or made telephone calls using an ATDS and/or an artificial or prerecorded voice to deliver a message to Plaintiff Pavelka's cell phone numbers 817-8XX-XXX5 and 314-3XX-XXX2 at the dates and times listed on Exhibit B, attached.

16. These telephone calls were unwelcome and made without prior express consent or prior business relationship. These telephone calls were made with the intent of selling each Plaintiff home security systems.

## THE HISTORY AND APPLICATION OF THE TCPA

17. In enacting the TCPA, Congress identified two separate purposes: (a) to protect residential telephone users right-to-privacy and (b) to protect all persons from the abuse of automated dialing technologies. Specifically, Congress stated:

>The <u>purposes</u> of the bill are **[A]** to protect the privacy interests of residential telephone subscribers by placing restrictions on unsolicited, automated telephone calls to the home and **[B]** to facilitate interstate commerce by restricting certain uses of facsimile (tax) machines and automatic dialers. (emphasis added).
>S. REP. 102-178, ** 1968 (Oct. 8, 1991)

18. In enacting the TCPA, the Congress made 15 express findings, including:

>(14) Businesses also have complained to the Congress and the Federal Communications Commission that automated or prerecorded telephone calls are a nuisance, are an invasion of privacy, and interfere with interstate commerce.

>(15) The Federal Communications Commission should consider adopting reasonable restrictions on automated or prerecorded calls to businesses as well as to the home, consistent with the constitutional protections of free speech.

>PL 102–243, December 20, 1991, 105 Stat 2394

19. The TCPA makes it illegal to make a telephone call to any cellular telephone number, whether that number is used for business purposes or for residential purposes, using either an ATDS or an artificial or prerecorded voice. Specifically, 47 U.S.C. § 227(b)(1)(A)(iii) states in relevant part:

>It shall be unlawful for any person within the United States, … to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice… <u>to any telephone number</u> <u>assigned to a</u> paging service, <u>cellular telephone service</u>, specialized mobile radio service, or other radio common carrier service, or any service; … . (emphasis added).

20. Likewise, regulations enforcing the TCPA make clear that the TCPA's prohibition on robocalls using an ATDS or artificial or recorded voice include such calls made to any cell phone. Specifically, TCPA regulations state:

>(a) No person or entity <u>may:</u>
>    <u>(1) Except as provided in paragraph (a)(2) of this section, initiate any telephone call (other than a call made for emergency purposes or is made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice;</u>

>…
>(iii) <u>To any telephone number assigned to a</u> … <u>cellular telephone service</u>,
>… .

47 .F.R. § 64.1200 (a) (1) (3) (emphasis added).

21. TCPA Regulations also address many of the thorny problems created by using an ATDS and other telephone marketing practices. For example, ATDS systems and non-ATDS predicative dialers often automatically call telephones predicting that one or more telephone sales agents will be available to take the call by the time the ATDS or dialer has dialed the particular number. Sometimes this has the effect of creating dropped calls when a person answers the phone and there is nobody on the other end of the line. At other times, it has the effect of the ATDS or dialer system dropping the call after it has been placed when the computer realizes that the sales agents will not be available if someone answers. Accordingly, TCPA regulations (without regard to whether the call is made with an ATDS or an artificial or recorded voice, or to a business or residential phone) prohibit all persons and entities from:

   b. disconnecting <u>any</u> "unanswered telemarketing call prior to at least 15 seconds or four (4) rings." 47 C.F.R. § 64.1200 (a)(6);

   c. Abandoning more than 3% of telemarketing calls answered by a live person; 47 C.F.R. § 64.1200 (a)(7);

   d. Allowing a telemarketing call that has been answered by someone to remain silent for more than two (2) seconds without both identifying the caller or entity on whose behalf the call is made and also giving the person answering a voice message and means to opt-out of all future calls by or on behalf of that entity. 47 C.F.R. § 64.1200 (a)(7).

22. The TCPA and TCPA regulations further specify that "the person or entity on whose behalf the telemarketing call is made" is also liable for any failures to honor the do-not-call request. 47 C.F.R. § 64.1200(d)(3), *see also* 47 U.S.C. § 227(c)(5)("by or on behalf of". ).

23. Under the TCPA, "telephone solicitation" means the initiation of a call or message for the purpose of encouraging the purchase of goods or services, but such term does not include a call or message to any person who has provided prior express invitation or permission or with whom the caller has a prior business relationship. 47 U.S.C. 227 (a) (4).

24. Further, 47 C.F.R. § 64.1200 (c), which is a TCPA regulation authorized or referenced by 47 U.S.C. § 227(b)(3), states that:

> (c) No person or entity shall initiate any telephone solicitation to:
>
> (2) A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. Such do-not-call registrations must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator. …

25. Under FCC interpretation and prior precedent, 47 CFR § 64.1200 (c) applies to any cellular telephone if the consumer uses that cellular telephone for residential purposes and has placed the number on the do-not-call registry. *See United States v. Dish Network, LLC*, 75 F. Supp. 3d 942, 961-62 (C.D. Ill. 2014), *vacated in other part on other grounds*, 80 F. Supp. 3d 917, 920 (C.D. Ill. 2015), citing 68 FR 4580–01, at 4632–33 (January 29, 2003). Residential purposes is not defined in the FCC interpretation, but the FCC noted that it will be more difficult to determine when a cellular phone is used for residential purposes, as compared to a landline connected to a residence, and that therefore, any cell phone on the federal do-not-call registry should be presumed to be a residential phone. There is no indication that the temporary, former, or partial business

usage of a phone used primarily for residential purposes somehow prevents the phone from being a "residential phone" if it is listed in the federal do-not-call registry. *See id.* at 961-62.

26. When a single telephone call violates both 47 U.S.C. § 227(b)(3) for using either an ATDS or an artificial or prerecorded voice and also 47 CFR § 64.1200 (c) for calling a residential number listed on the national Do–Not–Call registry, although it is only a single telephone call, two separate violations occur per call that will produce separate civil liabilities for each violation per call. *See, e.g., Lucas v. Jolin*, case no. 1:15-cv-108, 2015 WL 7292836, **3-5 (S.D. Ohio, Oct. 29, 2015) (ruling a single call using an automated voice recording to a residential number that was on the do-not-call registry produced two separate $1,500 violations for TCPA penalties per call for a total of $3,000 in TCPA violations per call).

27. When multiple parties work together in concert to violate the TCPA, they may be held jointly and severally liable for the TCPA civil liability. *See, e.g., Baltimore–Washington Tel. Co. v. Hot Leads Co.,* 584 F.Supp.2d 736, 745 (D.Md.2008) (citing *Texas v. Am. Blastfax, Inc.*, 164 F.Supp.2d 892, 897–98 (W.D.Tex.2001)).

28. Violations of the TCPA and TCPA regulations created under the TCPA create a private right of action pursuant to 47 U.S.C. § 227(b)(1)(3), which states:

> **(3) PRIVATE RIGHT OF ACTION** A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State—
>
> **(A)** an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>
> **(B)** an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>
> **(C)** both such actions.
>
> If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal

to not more than 3 times the amount available under subparagraph (B) of this paragraph.

## CAUSES OF ACTION

### COUNT I – PRIVATE CAUSE OF ACTION FOR MAKING A MARKETING TELEPHONE CALL TO A CELL PHONE USING AN AUTOMATIC TELEPHONE DIALING SYSTEM AND/OR AN ARTIFICIAL OR RECORDED VOICE

29. Plaintiff incorporates paragraphs 1-28 above as if herein stated.

30. The conduct of Defendant making the telephone calls to each Plaintiff's cell phone line using an automatic telephone dialing system and/or an artificial or recorded voice constitutes multiple separate violations of the TCPA at 47 U.S.C. § 227(b)(1)(A)(iii) and/or of 47 C.F.R. § 64.1200 (a)(1)(3). This cause of action is properly enforced as a private cause of action under 47 U.S.C. § 227(b)(1)(3). The conduct was intentional, subjecting Defendant to a statutory penalty of $1,500 per call, or a civil liability for this cause of action of $85,000 for Plaintiff Wheatley and $8,250 for Plaintiff Pavelka. Defendant is jointly and severally liable for this amount.

### COUNT II – CIVIL CAUSE OF ACTION FOR MAKING A CALL TO A RESIDENTIAL PHONE LISTED ON THE FEDERAL DO-NOT-CALL REGISTRY

31. Plaintiff incorporates paragraphs 1-28 above as if herein stated.

32. The conduct of Defendant making multiple telephone calls each Plaintiff's cell phone number used for residential purposes and that is listed on the national do-not-call registry constitutes multiple separate violations of 47 CFR § 64.1200 (c). This cause of action is properly enforced as a private cause of action under 47 U.S.C. § 227(b)(1)(3). The conduct was intentional, subjecting Defendant to a statutory penalty of $1,500 per call, or a civil liability for this cause of action of $85,000 for Plaintiff Wheatley and $8,250 for Plaintiff Pavelka. Defendant is jointly and severally liable for these amounts.

**COUNT III – CIVIL CAUSE OF ACTION FOR MAKING PROHIBITED DROPPED CALLS**

33. Plaintiffs incorporates paragraphs 1-28 above as if herein stated.

34. The conduct of Defendant making multiple telephone calls to each Plaintiff's cell phone number used for residential purposes and that is listed on the national do-not-call registry constitutes multiple separate violations of 47 CFR § 64.1200 (c). This cause of action is properly enforced as a private cause of action under 47 U.S.C. § 227(b)(1)(3). The conduct was intentional, subjecting Defendant to a statutory penalty of $1,500 per call, or a civil liability for this cause of $85,000 for Plaintiff Wheatley and $8,250 for Plaintiff Pavelka. Defendant is jointly and severally liable for this amount.

**WHEREFORE**, Premises considered, Plaintiffs respectfully request that the Court enter Judgment pursuant to 47 U.S.C. § 227(b)(1)(3) against Defendant Safe Home Security, f/k/a, a/k/a, and/or d/b/a Alliance, jointly and severally:

1) In the amount of $171,000 for Plaintiff Patricia Wheatley,

   a. $85,000 for violating 47 U.S.C. § 227(b)(1)(A)(iii) through multiple unlawful phone calls (including text messages) using an artificial dialing system or prerecorded voice to deliver a message made to Plaintiff on the dates and times listed on Exhibit A, and

   b. $85,000, for violating 47 CFR § 64.1200 (c) through multiple unlawful phone calls (and/or including text messages) made to Plaintiff's telephone number listed on the national Do-Not-Call Registry on the dates and times listed on Exhibit B;

2) In the amount of $16,500 for Plaintiff Jackson Pavelka,

  a. $8,250 for violating 47 U.S.C. § 227(b)(1)(A)(iii) through multiple unlawful phone calls (and/or including text messages) using an artificial dialing system or prerecorded voice to deliver a message made to Plaintiff on the dates and times listed on Exhibit B, and

  b. $8,250, for violating 47 CFR § 64.1200 (c) through multiple unlawful phone calls (including text messages) made to Plaintiff's telephone number listed on the national Do-Not-Call Registry on the dates and times listed on Exhibit B; and

3) For costs of court, pre-judgment and post-judgment interest, and all such other relief in law or equity that the Court deems just and right.

RESPECTFULLY SUBMITTED,

/s/ Eric N. Roberson

Eric Roberson
State Bar No. 00792803
Kilgore & Kilgore, PLLC
3109 Carlisle Street
Dallas, TX 75204
214-379-0817 Direct
214.969.9099
214.379.0843 Fax
ENR@KilgoreLaw.com
**Attorney for Plaintiffs Patricia Wheatley and Jackson Pavelka**